UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| LIAM RILEY and SARAH RILEY, individually and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TACOMA, a municipal corporation; and TACOMA FIRE DEPARTMENT, a municipal department,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**AND JURY DEMAND** |

COME NOW the Plaintiffs, Liam Riley and Sarah Riley, by and through their undersigned attorneys of record, and allege as follows:

### I. PARTIES

1.1    Plaintiffs Liam Riley and Sarah Riley are a married couple comprising a marital community under the laws of the state of Washington who at all times material hereto have resided in Tacoma, Pierce County, Washington. Liam Riley is employed by

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 1 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

the City of Tacoma Fire Department as a Fire Marine Diesel Mechanic. At the time of the events giving rise to this lawsuit occurred, Mr. Riley had a legally cognizable disability as defined under 42 U.S.C. § 12102, which substantially limits at least one of his major life activities.

1.2     Defendant City of Tacoma is a municipal corporation located in Pierce County, Washington. At all times material hereto, Defendant City of Tacoma has conducted operations in Tacoma, Pierce County, Washington. All acts, omissions, and conduct of the employees, agents, representatives or individuals of the City of Tacoma were done by and on behalf of Defendant City of Tacoma.

1.3     Defendant City of Tacoma Fire Department is a municipal department of Defendant City of Tacoma, at all times material hereto conducting operations in Tacoma, Pierce County, Washington. All acts, omissions and conduct of the employees, agents, representatives, or individuals of Defendant Tacoma Fire Department were done by and on behalf of Defendant City of Tacoma and Defendant Tacoma Fire Department.

## II. JURISDICTION AND VENUE

2.1     The Court has original jurisdiction under 28 U.S.C. §1331 and 1343 because Plaintiff's claims arise under 42 U.S.C. § 12101, *et seq.*, the ADA.

2.2     Supplemental jurisdiction for the remaining claims is proper under 28 U.S.C. § 1367, because all claims arise from the action in which the Court has original jurisdiction and form part of the same case or controversy.

2.3     Venue is properly in the Western District of Washington at Tacoma under 28 U.S.C. §1391, because all of the Defendants reside in Pierce County and the events

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 2 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

giving rise to the claim occurred in Pierce County.

2.4     On October 3, 2019, Plaintiff Liam Riley filed a Claim for Damages with Defendant City of Tacoma's Clerk's office. A true and correct copy of the claim form is attached hereto as **Exhibit "A"**. No response to said claim has been received, and more than 60 days have elapsed since said claim was filed.

2.5     Plaintiff Liam Riley previously filed a claim with the Equal Employment Opportunity Commission. On September 18, 2019, the EEOC issued a Dismissal and Notice of Rights, including Notice of Suit Rights. A true and correct copy of this Right to Sue notice is attached hereto as **Exhibit "B"**.

### III. FACTS

3.1     Liam Riley began working as a Fire Marine Diesel Mechanic for the City of Tacoma Fire Department in May 2013. Mr. Riley is an experienced mechanic and marine welder who was able to perform all of his essential job functions without issue.

3.2     Over the past few years, Mr. Riley began experiencing hostility, bullying, and retaliation by two of his co-workers, Carrol Hagger and Paul Howard. Both Ms. Hagger and Mr. Howard, employees of Tacoma Fire Department, repeatedly yelled at, ignored, disregarded, and withheld information and tools from Mr. Riley, which hindered his ability to do his job. Mr. Riley was ridiculed for having an open worker's compensation claim and for taking time off due to that claim. Mr. Riley began to experience extreme stress and anxiety whenever he had to interact with either Ms. Hagger or Mr. Howard as part of his job duties.

3.3     On June 13, 2018, after an interaction with Ms. Hagger, Mr. Riley began

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 3 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

experiencing a headache, minor vision disturbances, and hypertension while performing his normal work duties. His blood pressure measured 228/140, as determined by an EMT on staff. Mr. Riley immediately sought emergency medical treatment with Dr. Norman Seaholm. Dr. Seaholm diagnosed Mr. Riley with hypertension. He advised Mr. Riley to refrain from work for the next two weeks. Dr. Seaholm provided a letter advising of this need to Mr. Riley's supervisor at the Fire Department.

3.4   Mr. Riley began treatment for anxiety and panic on November 20, 2018.

3.5   Throughout the remainder of 2018 and into 2019, Mr. Riley made multiple complaints to his supervisors regarding the treatment from his two co-workers and the effect it was having on his health. No steps were taken to correct the situation, however.

3.6   In a letter from Dr. Seaholm to Mr. Riley's supervisor at the Fire Department on February 6, 2019, Dr. Seaholm explained that Mr. Riley was at high risk for a cardiovascular event and that Mr. Riley's work stressors played a significant role in exacerbating Mr. Riley's medical conditions. Dr. Seaholm stated that a resolution to the conflicts Mr. Riley is experiencing at work was paramount to his recovery.

3.7   Dr. Seaholm submitted a letter on Mr. Riley's behalf on March 21, 2019, excusing him from work for five days for medical reasons.

3.8   In another letter from Dr. Seaholm on March 25, 2019, Dr. Seaholm directly related the conflicts at work with his co-workers to Mr. Riley's hypertension. He also opined that Mr. Riley was at a very high risk of stroke if Mr. Riley's extreme blood pressure spikes were to recur while at work.

3.9   During this time, Mr. Riley requested reasonable accommodations from

COMPLAINT FOR DAMAGES
AND JURY DEMAND

Page 4 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

Defendants City of Tacoma and Tacoma Fire Department. He advised them that he would be able to perform his normal job duties as long as he did not have to interact directly with Ms. Hagger or Mr. Howard, the two co-workers who were bullying him. The Fire Department failed to provide Mr. Riley with the requested reasonable disability accommodations or take any steps to protect Mr. Riley from these two individuals.

3.10 Sometime on or around May 16, 2019, Mr. Riley's supervisor retaliated against him by attempting to vote him out as his union Shop Steward. Mr. Riley also experienced retaliation and hostile behavior by his supervisors and Fire Department Deputy Chief John Pappuleas, including being publicly berated and humiliated in front of co-workers. On at least one occasion, Deputy Chief Pappuleas discussed Mr. Riley's confidential health information in a public setting, in violation of HIPAA laws under 45 C.F.R. § 164.530(c).

3.11 On June 3, 2019, Fire Department Deputy Chief John Pappuleas offered Mr. Riley a temporary assignment in the electrical shop. Mr. Riley gladly accepted the position. Mr. Riley was happy in his new position in the electrical shop and was able to stop taking his anxiety medicine while working there. His work there was exemplary, and his supervisor at the electrical shop stated that he would like to keep Mr. Riley there permanently. During this time, Mr. Riley withdrew his reasonable accommodation request, as he was able to successfully perform all of his job duties without accommodations in his new role, since he was not being forced to endure abuse and harassment from Ms. Hagger or Mr. Howard. It was Mr. Riley's understanding that, while the electrical position was temporary, he would not be required to return to his

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 5 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

original position as a marine mechanic if Ms. Hagger or Mr. Howard were still there.

3.12   On June 3, 2019, Mr. Riley filed Charges of Discrimination with the Washington State Human Rights Commission and the EEOC against Tacoma Fire Department. The charge was based on the retaliation Mr. Riley had experienced as well as violations of the ADA.

3.13   In early July 2019, Mr. Riley filed a complaint with the Office of Civil Rights under 45 C.F.R. § 164.530(c). Mr. Riley alleged that his protected health information (PHI) was violated by the Fire Department.

3.14   On July 15, 2019, Mr. Riley was ordered by Deputy Chief Pappuleas and HR supervisor Shelby Fritz to return to his original position in the marine department without any accommodations to protect him from Ms. Hagger or Mr. Howard. This order placed Mr. Riley in danger of another severe medical emergency. The move was ordered immediately after Tacoma Fire Department was presented with Mr. Riley's complaints from the Office of Civil Rights and the EEOC, and they were clearly retaliatory in nature against Mr. Riley for lodging the complaints. Mr. Riley again requested reasonable accommodation be made to prevent his high blood pressure condition from being exacerbated and causing a cardiac event.

3.15   Tacoma Fire Department suggested mediation between Mr. Riley and Ms. Hagger on July 26, 2019. Because of his reasonable fear that having to interact with Ms. Hagger directly would cause a potential deadly blood pressure spike for him, Mr. Riley asked that he and Ms. Hagger be located in different rooms during the mediation. This request was denied and the mediation did not take place on the proposed date. It was not

COMPLAINT FOR DAMAGES
AND JURY DEMAND

Page 6 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

rescheduled.

3.16 On August 12, 2019, after returning to his original position with Ms. Hagger and Mr. Howard, Mr. Riley again experienced a severe spike in his blood pressure and was again transported to the emergency department from work for a hypertensive emergency. He was excused from work by his doctor for five days.

3.17 Following Mr. Riley's most recent emergency room visit, Dr. Seaholm penned another letter on Mr. Riley's behalf. Dr. Seaholm strongly advised that Mr. Riley be allowed a permanent transfer before he suffered a disabling event. Tacoma Fire Department still did not comply with Mr. Riley's request for reasonable accommodations.

3.18 During the latter half of 2019, Mr. Riley has applied for other jobs with the City of Tacoma for which he is completely qualified and for which he should have been a top candidate. He heard from colleagues in these other departments that they wanted him to come work with them. Nonetheless, he was not hired for any of these alternate positions, because the City of Tacoma retaliated against him and prevented him from being offered the positions.

3.19 Mr. Riley was issued a Notice of Right to Sue from the EEOC on September 18, 2019. **Exhibit "A"**, *EEOC Notice of Right to Sue.*

3.20 Mr. Riley filed a Tort Claim with the City of Tacoma on October 3, 2019. **Exhibit "B"**, *City of Tacoma Claim for Damages Form.* No response to this claim was received from Defendants City of Tacoma or Tacoma Fire Department.

3.21 As a result of the misconduct and unlawful acts of Defendants described

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 7 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

above, Plaintiffs have suffered physical and emotional damages, for which they are entitled to be compensated.

## CAUSES OF ACTION

### IV. COUNT I – VIOLATION OF THE ADA

4.1     Plaintiffs reallege and reincorporate every allegation above as if fully set forth herein.

4.2     Mr. Riley is a person with a disability as defined by the Americans With Disabilities Act, 42 U.S.C. § 12102 who is a qualified individual and who with or without accommodation can perform the essential functions of his position with the City of Tacoma Fire Department.

4.3     Tacoma Fire Department is fully aware of Mr. Riley's disability or perceived disability.

4.4     Mr. Riley requested reasonable accommodations, including but not limited to remaining in his original position but not having to interact directly with Ms. Hagger or Mr. Howard, restructuring or modifying his work schedule, or moving to a different, vacant position for which he was qualified.

4.5     Defendants City of Tacoma and Tacoma Fire Department refused to consider the reasonable accommodations requested by Mr. Riley and, in fact, forced him to return to his original position with no changes put in place to protect him or address the situation in any way.

4.6     Tacoma Fire Department violated 42 U.S.C. § 2000e, *et seq.*, the ADA, when it refused Mr. Riley's multiple requests for reasonable accommodations.

COMPLAINT FOR DAMAGES
AND JURY DEMAND

Page 8 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

4.7   As a direct and proximate result of Tacoma Fire Department's failure to reasonably accommodate Mr. Riley's disability, Plaintiffs have sustained physical and emotional damages for which they are entitled to be compensated.

### V. COUNT II – RETALIATION

5.1   Plaintiffs reallege and reincorporate every allegation above as if fully set forth herein.

5.2   The Fire Department took adverse action against Mr. Riley in demoting him from union Shop Steward after he made a request for reasonable accommodations.

5.3   The Fire Department took adverse action in returning Mr. Riley to a hostile work environment following the filing of a charge with the Office of Civil Rights and the EEOC.

5.4   The Fire Department took adverse action against Mr. Riley by preventing him from being hired for other positions after he filed charges with the Office of Civil Rights and the EEOC

5.5   The events described above constitute discrimination based on disability status and upon the filing of lawful charges. Such retaliation is a violation of 42 U.S.C. § 12101, *et seq.*, the ADA.

5.6   As a direct and proximate result of Tacoma Fire Department's retaliation against Mr. Riley, Plaintiffs have sustained physical and emotional damages for which they are entitled to be compensated.

### VI. COUNT III – VIOLATION OF WLAD

6.1   Plaintiffs reallege and reincorporate every allegation above as if fully set

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 9 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

forth herein.

6.2 Mr. Riley is a person with a disability as defined by the Washington Law Against Discrimination, *RCW Title 49.60* who is a qualified individual and who with or without accommodation can perform the essential functions of his position with the City of Tacoma Fire Department.

6.3 Defendant Tacoma Fire Department discriminated against Mr. Riley as a result of his disability by failing to reasonably accommodate his disability.

6.4 Defendant Tacoma Fire Department discriminated against Mr. Riley by retaliating against him and forcing him to stay in a hostile and dangerous employment situation after he made claims to the Office of Civil Rights, EEOC, and Washington Human Rights Commission, in violation of RCW 49.60.210 and against public policy.

6.5 As a direct and proximate result of Tacoma Fire Department's discrimination against Mr. Riley, Plaintiffs have sustained physical and emotional damages for which they are entitled to be compensated.

## VII. COUNT IV- *RESPONDEAT SUPERIOR*

7.1 Plaintiffs reallege and reincorporate every allegation above as if fully set forth herein.

7.2 Defendant City of Tacoma is liable to Plaintiffs for the actions or omissions of the employees, agents and/or representatives of its municipal department, Tacoma Fire Department, who were acting within the course and scope of their employment and/or agency relationship with the City of Tacoma and Tacoma Fire Department.

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 10 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

## VIII. JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues pursuant to the Seventh Amendment of the United States Constitution and F.R.C.P. 38 (b).

## IX. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against the Defendants, jointly and severally, and an award for damages as follows:

1. For special and general damages and loss of consortium to Plaintiffs in amounts to be awarded by the trier of fact.

2. For punitive damages against Defendants for violation of the Plaintiffs' civil rights guaranteed by the United States Constitution.

3. For Plaintiffs' costs, expenses, and reasonable attorney's fees pursuant to all applicable statutory authority

4. For such other and further relief as the court may deem just and equitable.

**DATED** this 12th day of December, 2019.

/s/ Rebecca M. Larson
REBECCA M. LARSON, WSBA #20156
Attorneys for Plaintiff Liam S. Riley

DAVIES PEARSON, P.C.
920 Fawcett Avenue
PO Box 1657
Tacoma, WA  98401
(t) 253-620-1500
(f) 253-572-3052
Email: rlarson@dpearson.com

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Page 11 of 11
jw / s:\25xxx\254xx\25409\1\pleadings\complaint (final).docx

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

EXHIBIT "A"

# CITY OF TACOMA CLAIM FOR DAMAGES FORM
## General Liability Claim Form

Pursuant to Chapter 4.96 RCW, this form is for filing a claim against the City of Tacoma. Some of the information requested on this form is required by RCW 4.96.020 and may be subject to public disclosure. Pursuant to the new law, Claim for Damages forms cannot be submitted electronically (via e-mail or fax).

**PLEASE TYPE OR PRINT IN INK**

**Mail or deliver original claim to:**

City of Tacoma
Office of the City Clerk
747 Market Street, Room 220
Tacoma, WA 98402

Business Hours: Mon. - Fri. 8:00 a.m. - 5:00 p.m. Closed on weekends and holidays.

For Official Use Only

No.

## CLAIMANT INFORMATION

1. Claimant's name: Riley (Last name)   Liam (First)   S. (Middle)   Date of birth (mm/dd/yyyy)

2. Current residential address: 7105 44th Ave E. Tacoma, WA 98443

3. Mailing address (if different): ____

4. Residential address at the time of the incident (if different from current address): ____

5. Claimant's daytime telephone number:   Home ____   Business ____   Cell 206-769-6376

6. Claimant's e-mail address: locofomocoracing@gmail.com

## INCIDENT INFORMATION

7. Date of the incident: ____ (mm/dd/yyyy)   Time: ____   ☐ a.m. ☐ p.m. (check one)

8. If the incident occurred over a period of time, date of first and last occurrences:
from 6/13/18 (mm/dd/yyyy)   Time: ____   ☐ a.m. ☐ p.m. (check one) to current (mm/dd/yyyy)   Time: ____   ☐ a.m. ☐ p.m. (check one)

9. Location of incident: Tacoma (City)   Washington (State)   3401 B South Orchard Street (Place or Address where occurred)

10. If the incident occurred on a street or highway:

____ Name of street or highway   ____ At the intersection with/or Nearest intersecting street

11. City agency or department allegedly responsible for damage/injury: City of Tacoma Fire Department

12. Names, addresses, and telephone numbers of all persons involved in or witness to this incident:

Sarah Riley: 7105 44th Ave E. Tacoma, WA 98443, 253-307-1846

13. Names, addresses and telephone numbers of all City employees having knowledge about this incident:

   Troy Green: 3401 B South Orchard Street, Tacoma, WA 98466, 253-591-5399; Don Voigt: 3401 B South Orchard Street, Tacoma, WA 98466, 253-591-5399; Shelby Fritz: 747 Market Street, Tacoma, WA 98402, 253-591-5413, John Pappuleas: 901 S. Fawcett Ave., Tacoma, WA 98402, 253-591-5010; Cheryl Conner: 747 Market Street, Room 1120, Tacoma, WA 98402, 253-597-5074; Elizabeth Marlenee: 747 Market Street, Room 1420, 253-591-5452; Bruce Bouyer: 901 S. Fawcett Ave., Tacoma, WA 98402, 253-591-5730; Carrol Hager: 3401 B South Orchard Street, Tacoma, WA 98466, (253) 591-5399; Paul Howard: : 3401 B South Orchard Street, Tacoma, WA 98466, (253) 591-5399.

14. Names, addresses, and telephone numbers of all individuals not already identified in #12 and #13 above that have knowledge regarding the liability issues involved in this incident, or knowledge of the Claimant's resulting damages. Please include a brief description as to the nature and extent of each person's knowledge. Attach additional sheets if necessary.

   Rebecca Larson: 920 Fawcett Ave, Tacoma, WA 98401, 253-620-1500 – Attorney for Liam Riley

15. Describe the cause of the injury or damages. Explain the extent of property loss or medical, physical or mental injuries. Attach additional sheets if necessary.

   Mr. Riley is employed as a fire/marine diesel mechanic for the Tacoma Fire Department. Mr. Riley suffers from hypertension, liver inflammation, anxiety, and panic attacks. His hypertension is exacerbated by stress and anxiety. Mr. Riley took FMLA leave in early 2019 at the direction of his physician. Since then, he has experienced bullying, retaliation, and hostility from his co-workers Ms. Hager and Mr. Howard. The stress of interacting with these two co-workers has resulted in multiple trips to the emergency room with life-threatening blood pressure levels. Mr. Riley has made several complaints to his supervisors regarding his interactions with these two co-workers, but no steps have been taken to alleviate the situation. Mr. Riley has produced two letters from his physician asking for accommodations for his hypertension and related issues. Mr. Riley's physician believes that despite his medical disability, he should be able to perform his job with accommodations. Tacoma Fire Department has failed to accommodate Mr. Riley even after repeated discussions with his supervisors and the human resources department.

Has this incident been reported to law enforcement, safety or security personnel? If so, when and to whom?

   This has not been reported to law enforcement.

16. Names, addresses and telephone numbers of treating medical providers. Attach copies of all medical reports and billings.

   Normal Seaholm, MD: 4215 49th Ave NE, Tacoma, WA 98422, 253-792-6651; Karey Regula: 325 E Pioneer Ave., Puyallup, WA 98372, 253-697-8400

17. Please attach documents which support the claim's allegations. Already in City's Possession.

18. I claim damages from the City of Tacoma in the sum of $ 500,000.

This Claim form must be signed by the Claimant, a person holding a written power of attorney from the Claimant, by an attorney admitted to practice in Washington State on the Claimant's behalf, or by a court-approved guardian or guardian ad litem on behalf of the Claimant.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

_____                         10/03/19   920 Fawcett Ave, Tacoma, Pierce County
Signature of Claimant or Authorized Agent          Date and Place (residential address, city and county)



City of Tacoma
Office of the City Attorney

Received

OCT 07 2019

Davies Pearson, P.C.

October 4, 2019

Rebecca M. Larson, Attorney at Law
Davies Pearson, P.C.
P.O. Box 1657
Tacoma, WA 98401-1657

Re:  Your Client: Liam S. Riley
     Claim for Damages Dated: 10/03/2019
     Claim for Damages No.: 16469
     Incident Date: 06/13/2018 to Present Day
     Incident Location: The City of Tacoma Fire Department

Dear Ms. Larson:

This letter is to acknowledge receipt of your claim filed with the City of Tacoma on October 3, 2019.

I am in the process of contacting the department involved in order to obtain the information necessary to evaluate your claim.

I will contact you when I have completed the investigation and am able to respond. If you need to reach me, my direct telephone number is 253.591.5628. Thank you for your cooperation.

Sincerely,

Lauren Ryker

Lauren Ryker
Risk Analyst

EXHIBIT "B"

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Liam Riley**
7105 44th Avenue South
Tacoma, WA 98443

From: **Seattle Field Office**
909 First Avenue
Suite 400
Seattle, WA 98104-1061

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2019-01771 | **Shannon De Jong,** Investigator | (206) 220-6914 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____ for      September 18, 2019
Nancy A. Sienko,                      *(Date Mailed)*
Director

Enclosures(s)

cc:
**Shelby Fritz**
c/o Cheryl Comer, Deputy City Attorney
747 Market Street
Tacoma, WA 98402

**Rebecca Larson**
DAVIES PEARSON PC
920 Fawcett Ave
Po Box 1657
Tacoma, WA 98401